N.R. SMITH, Circuit Judge,
concurring in part, dissenting in part.
I agree with the majority’s conclusions and join in Parts I through VI of their disposition. However, I write separately in dissent, because I disagree that the Nevada Supreme Court unreasonably applied Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), or Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), when it denied Honeycutt’s Massiah claim.
The majority rests its conclusion on its view that this case is indistinguishable from Moulton. Even a cursory reading of Moulton contradicts this view. In Moul-ton, the police wired an informant (one of the co-defendants) to record a pre-planned meeting between the informant and Moulton. 474 U.S. at 164-65, 106 S.Ct. 477. The police later admitted that they were aware that the informant and Moulton planned to discuss the charges already pending against Moulton. Id. at 165, 106 S.Ct. 477. During the meeting, the informant encouraged Moulton to engage in “a prolonged discussion of the pending *630 charges.Id. While Moulton had previously suggested killing a witness, that plan was quickly dismissed during the conversation. Id. The state never charged Moul-ton with solicitation nor introduced evidence of solicitation. Id. at 167, 106 S.Ct. 477. Accordingly, the state used the evidence elicited only to prove charges already pending during the investigation and crimes committed contemporaneously with the previously-charged crimes. Id. The Supreme Court concluded that the state “knowingly circumvent[ed]” Moulton’s right to counsel and, thereby, violated Moulton’s Sixth Amendment right. Id. at 180, 106 S.Ct. 477.
There is a difference in kind between this case and Moulton in terms of the police’s investigation, the evidence obtained, and the state’s use of the evidence in the two cases. Accordingly, Moulton bears only a superficial resemblance to this case. For Moulton to be “indistinguishable” as the majority claims, there would have to be several important factual changes. The majority’s view would require that: (1) the state had used the informant to gather specific details of Ho-neycutt’s rape of the victim; (2) the police knew, going into the investigation, that the informant would elicit these details; (3) the state had introduced those details at trial; (4) the state had failed to charge Honeycutt with solicitation; and (5) the state had failed to introduce any statements about the solicitation.
Of course, just the opposite occurred in this case. The state did not seek details of Honeycutt’s rape of the victim during its investigation of Honeycutt’s later conspiracy to kill the victim. The police, permissibly investigating this separate crime, see McNeil v. Wisconsin, 501 U.S. 171, 175-76, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), would have had no reason to expect details about the rape to come out of the investigation. Indeed, no details did come forth, so no details of the previously charged crimes were introduced at trial. Instead, the investigation brought forth details of a second crime, solicitation, which were used at trial to prove that crime.
The majority, then, implicitly argues that anytime a second, separate crime shows consciousness of guilt of a previously charged crime, those two crimes cannot be tried together. No clearly established federal law sets forth this automatic severance rule. In fact, elsewhere, the majority holds that the Nevada Supreme Court reasonably rejected Honeycutt’s severance claim. Even more importantly, Moulton, upon which the majority relies, says nothing about severance or the cross-admissibility of evidence, because the facts of that case did not implicate those issues. Thus, Moulton is distinguishable from this case, does not establish (much less clearly establish) the law that the majority seeks to impose upon the states, and cannot serve as the basis for relief under 28 U.S.C. § 2254(d).